UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

2020 MAR 12 AM 3: 25

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**SAMUEL PEREZ-RIVERA,**
Defendant.

CASE NO. 20-137(GAG)

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(B) FRCP)

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America through its counsel W. Stephen Muldrow, United States Attorney for the District of Puerto Rico; Myriam Y. Fernández-González, Assistant United States Attorney, Chief, Criminal Division, Timothy R. Henwood, First Assistant United States Attorney, Acting Chief, Financial Fraud and Corruption Unit, Vanessa Danette Bonano-Rodríguez, Special Assistant United States Attorney, defendant's counsel, Francisco Acevedo-Padilla Esq.; and defendant Samuel Pérez-Rivera, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT ONE of the Information.

**COUNT ONE:**

From on or about March 19, 2009, to on or about October 22, 2015, in the District of Puerto Rico, the defendant, **SAMUEL PEREZ-RIVERA (PEREZ-RIVERA),** aided and abetted by AOR, MGM, and other co-conspirators known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other, to devise a scheme and artifice to defraud the Social Security Administration, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises. For purposes of executing

the scheme and artifice to defraud more fully described below, the defendant and co-conspirators caused to be transmitted by means of wire communications in interstate commerce certain signals and sounds contrary to Title 18, United States Code, Section 1343.

### Object of the Conspiracy

It was the object of the conspiracy that the defendant and co-conspirators would defraud the United States by submitting false and/or fraudulent information to the SSA, an agency of the United States. The application would claim that an individual was suffering from disabling psychiatric conditions, which prevented him/her from working. This claim would later be supported by the submission of a fraudulent psychiatric medical report prepared by **PEREZ-RIVERA** and signed by AOR. The false and fraudulent documents would be submitted for the purposes of tricking or deceiving the SSA into approving the payment of disability insurance benefits. The submission of the false and fraudulent documents to the SSA would cause to be transmitted by means of wire communications in interstate commerce certain signals and sounds inasmuch said documents were ultimately routed electronically to SSA Headquarters located in Baltimore, Maryland. **PEREZ-RIVERA** and the co-conspirators would derive financial gain and profit from the conspiracy to defraud.

### Manner and Means of the Scheme and Artifice to Defraud and Deprive

It was a part of the manner and means of the unlawful conspiracy that AOR and MGM would charge a fee to backdate medical records of patients applying for disability insurance benefits by generating fictitious medical appointments that never took place. This was done to create the appearance of a longer history of medical treatment.

It was further a part of the manner and means of the unlawful conspiracy that AOR and MGM would charge a fee for the preparation of a fraudulent psychiatric medical report to be submitted to the SSA.

**PEREZ-RIVERA** would prepare the psychiatric medical report, using as a go-by a template report and adding fictitious medical appointments. AOR signed this fraudulent psychiatric medical report.

The fraudulent psychiatric medical report prepared by **PEREZ-RIVERA** and signed by AOR was submitted to the SSA. The submission of the fraudulent psychiatric medical reports to the SSA would cause to be transmitted by means of wire communications certain signals and sounds as described above. All in violation of Title 18, United States Code, Section 1349.

## 2. MAXIMUM PENALTIES

The maximum statutory penalty for the offense charged in Count One of the Information is a term of imprisonment of not more than twenty (20) years, pursuant to Title 18, United States Code, Sections 1343 and 1349, a fine not to exceed $250,000.00, and a term of supervised release of not more than three (3) years.

## 3. APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with Title 18, United States Code, Sections 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2).

## 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered. The defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500).

The parties agree that the restitution in this case will be determined by the Court at sentencing. The defendant further acknowledges that this agreement does not impact the Social Security Administration's administrative policies or proceedings.

## 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **SENTENCING GUIDELINES CALCULATIONS**

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the cases of United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and Defendant submit the following advisory Guideline calculations:



| PLEA AGREEMENT SENTENCING GUIDELINE CALCULATION TABLE | |
|---|---|
| **COUNT ONE – CONSPIRACY TO COMMIT WIRE FRAUD** | |
| BASE OFFENSE LEVEL [U.S.S.G. § 2B1.1(a)(1)] | 7 |
| SPECIFIC OFFENSE CHARACTERISTICS [U.S.S.G. § 2B1.1(b)(1)(G)] Amount of loss greater than $250,000.00[1] | +12 |
| Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1 | -3 |
| TOTAL OFFENSE LEVEL | 16 |
| Guideline Range: 21-27 Months of Imprisonment <u>if</u> Criminal History Category I | |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree that the defendant may argue and bring evidence that justifies a downward departure based on health conditions and the government will recommend a sentence of imprisonment within the applicable Guideline Sentencing Range for a total offense level of sixteen (16) when combined with defendant's criminal history category as determined by the

---

[1] The loss used in this calculation is $458,524.75.

Court. The parties further agree that defendant shall refrain, in perpetuity, from participating as an Non-Attorney Representative before the SSA.

## 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is twenty-seven (27) months of imprisonment or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with Counsel, Francisco Acevedo-Padilla, and indicates that counsel has rendered effective legal assistance.

## 12. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after

hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

  d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

  e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

### 13. NO FURTHER DEPARTURES OR VARIANCE

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under Title 18, United States Code, Section 3553 shall be sought by the parties. The parties agree that any request for an adjustment or departure will be considered a material breach of this Plea Agreement and the other party will be free to ask for any sentence, either guideline or statutory.

### 14. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

### 15. LIMITATIONS OF PLEA AGREEMENT

This plea agreement binds only the United States Attorney's Office for the District of

Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

**16.    ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and denies the existence of any other term and conditions not stated herein.

**17.    AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, conditions will be entered unless in writing and signed by all parties.

**18.    VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

W. STEPHEN MULDROW
United States Attorney

_____
For: Myriam Y. Fernández-González
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 2-27-20

_____
Timothy R. Henwood
First Assistant U.S. Attorney
Acting Chief, Financial Fraud
and Corruption Unit
Dated: 2-24-20

_____
Vanessa Danette Bonano-Rodríguez
Special Assistant U.S. Attorney
Dated: 02.24.20

_____
Francisco Acevedo-Padilla
Counsel for Defendant
Dated: March 12th/2020

_____
Samuel Pérez-Rivera
Defendant
Dated: March 12th/2020

8

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Information pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: March 20th/2020

Samuel Pérez-Rivera
Defendant

I am the attorney for the Defendant. I have fully explained to the Defendant his rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the Defendant the provisions of those guidelines, which may apply in this case. I have carefully reviewed every part this Plea Agreement with the Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

Date: March 20th/2020

Francisco Acevedo-Padilla, Esq.
Counsel for Defendant

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Samuel Pérez-Rivera, agree that the following recitals provide a true and accurate summary of the facts leading to defendant's acceptance of criminal responsibility for violation of Title 18, United States Code, Section 1349:

The defendant, Samuel Pérez-Rivera ("PEREZ-RIVERA"), admitted that starting on a date unknown but no later than on or about March 19, 2009, to on or about October 22, 2015, in the District of Puerto Rico, the defendant and other co-conspirators known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other, to devise a scheme and artifice to defraud the Social Security Administration, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

For purposes of executing the scheme and artifice to defraud more fully described below, the defendant and co-conspirators caused to be transmitted by means of wire communications in interstate commerce certain signals and sounds contrary to Title 18, United States Code, Section 1343.

It was a part of the manner and means of the unlawful conspiracy that co-conspirators AOR and MGM would backdate medical records of patients applying for disability insurance benefits by creating fictitious medical appointments that never took place. This was done to create the appearance of a longer history of medical treatment.

It was further a part of the manner and means of the unlawful conspiracy that AOR and MGM would charge a fee for the preparation of a fraudulent psychiatric medical report to be submitted to the SSA.

It was further a part of the manner and means of the unlawful conspiracy that PEREZ-RIVERA would prepare the psychiatric medical report, using as a go-by a template report and

adding fictitious medical appointments. AOR would sign this fraudulent psychiatric medical report.

The fraudulent psychiatric medical report prepared by PEREZ-RIVERA and signed by AOR was submitted to the SSA. The submission of the fraudulent psychiatric medical reports to the SSA would cause to be transmitted by means of wire communications certain signals and sounds in interstate commerce.

At trial, the United States would have proven beyond a reasonable doubt that defendant is guilty as charged in Count One of the Information by presenting physical and documentary evidence, as well as the testimony of law enforcement agents and others. Full discovery has been provided to the defendant.

_____
Vanessa Danette Bonano-Rodríguez
Special Assistant U.S. Attorney
Dated: 02.24.20

_____
Francisco Padilla-Acevedo, Esq.
Counsel for Defendant
Dated: March 12th/2020

_____
Samuel Pérez-Rivera
Defendant
Dated: March 12th/2020